We'll turn to the next case on our calendar, Coudert v. Hokin. Good morning, counsel. Good morning, counsel. Good morning, your honors. I won't speak as fast. May it please the court, I'm counsel for appellant Dale Coudert. The principal issue on this appeal is whether the promissory note that was the basis for the judgment below is legally enforceable. If it's not enforceable, the judgment should be vacated. Did you raise this argument below? No, your honor, it was not raised below. So, ordinarily, we don't consider issues that weren't litigated below. And it seemed to me that every issue in your brief are issues that were not raised below. What am I to make of that? Your honor, the Croma case is a case where the Second Circuit laid out the principles for when this court may consider issues that were not raised below. And the test in Croma is whether the issue is a matter of law, which here it is, and whether any further fact-finding is required, which we demonstrate is not. Alternatively, it would be a manifest injustice if this issue, this dispositive issue of law were not considered by this court. I think what happened here, with all due respect to the judge, is that when the judge issued his final order following the trial, he found that the note, he had to pick a note, he picked this note, the December 31, 2008 note, as valid and enforceable, he said, and accepted Mr. Hogan's view that the consideration for that note was an antecedent debt, thus rejecting Coudere's argument that it was a gift or that there was no promise to repay, et cetera. They were incredible, incredible, didn't they, your clients? He found Coudere's testimony not credible, but his, he credited. And that's important because the testimony that he credited was that this debt, that this consideration was an antecedent debt alone. And that is what he rejected the testimony that this was a gift. Yes. And so that's what triggers the issue. The issue is if the consideration was an antecedent debt, which the court found it was, then you have to look at the note again because the note's words say for value received. And the consideration, those words are not enough to state valid consideration under New York law if the consideration was, as the court found, an antecedent debt. And that's, you know, that issue was determined, you know, the court's summary order three years ago in Greenberg v. Greenberg made that very clear. Well, the district court hasn't passed on this argument. Is that correct? That's correct. It wasn't brought before the district court. That's correct. You know, we don't find facts on this court. There are no facts, there are no facts. Are you asking us to find? The facts are in the trial court's order. The only facts are, number one, the note. That's an issue of law. You can look at the note. The note either says — Under the UCC, isn't it correct that you don't need consideration for an antecedent debt? Under UCC Article 3-408, you would be correct. But UCC Article 3 governs negotiable instruments. This is not a negotiable instrument. To be a negotiable instrument, it has to be — the payment has to be unconditional and it has to be at a date certain. This note meets neither test. This note was only to be paid — It's sale upon — payment is due upon sale. Mm-hmm. Why isn't that — Because you don't know if the property would ever be sold, and you don't know — And there's no obligation to pay. That's right. That's why it's not a negotiable instrument. There would be no obligation to pay if the property were never sold. But the idea made sense. Once the property is sold, the funds will be there, then you have to pay. The — that may make it a note, but that doesn't make it a negotiable instrument. Because to be a negotiable instrument, you have to be able to know that it's unconditional and that there's a date certain when the note will be paid. On the issue of sale — Wasn't the problem in the Greenberg case that it was somewhat a muddled consideration? It wasn't really clear what the antecedent consideration was? And in this case, it's quite clear that there were regular payments made? It is quite clear there were regular payments made, but the issue — All you needed to do was to count them up, and there was the antecedent debt. That's exactly right. That's what makes it an antecedent debt. That's what makes the note unenforceable. And you say that that has to appear in the note. That's what New York law says. And that's what Greenberg v. Greenberg says. And Greenberg — the consideration wasn't — the issue wasn't because the consideration was muddled. The issue in Greenberg v. Greenberg was the consideration was for past loans. That's what this case is about. Consideration was for past loans. Once you make that finding, then New York law is triggered. That's the problem. That issue was not before the Court. It should have been. But it's no different than any other case where you are faced with an issue of law, which is a construction of an instrument, and the facts are a finding below based on credibility determinations that that debt, that consideration to support that note was an antecedent debt. There's no question about it. And in the record, there is what the debt was, isn't there? The payments are in the record? The fact that it may be indirect, the fact that it may be referenced in another schedule, all of that is irrelevant under New York law because New York law requires that if you're going to enforce the note, the consideration must be stated in the writing, expressed in the writing, is what the statute says under Section 5-1105 of New York General Obligations Law. And it cannot be that it is in another document or you can construe documents together because the law is that it must be, it cannot be extrinsic, the evidence cannot be extrinsic to the document. My adversary cites American Bank. In Greenberg, American Bank was distinguished because in order for it to work, the antecedent debt has to be incorporated by reference or referred to some way. And here it was never referred to. The only words you have are for value received. And that becomes significant only when the court makes the finding that the consideration was antecedent debt. So there are other arguments that were raised by counsel as to whether this was present consideration. The record belies that. Because the pleadings show that Mr. Hogan said he did not agree to the note in exchange for further payments, which is not surprising because the case was brought because of a failure to continue the payments. But when he was asked at trial, the other argument was, was this done as forbearance for not collecting the prior loans? He was specifically asked that question about whether he had discussions with Ms. Couture about that. And he said, I don't recall any such discussions about that. So this is a case where you have no basis for further fact-finding, where the instrument is clear and unambiguous except for the words for value received, which are words that this court has said are not enough in this context. And with all due respect, Judge Chin, this is not a UCC 3408 case because this is not a negotiable instrument within the meaning of that statute. You've reserved two minutes for rebuttal. Yes, I have. Thank you, Your Honor. We'll hear from opposing counsel. Good morning. I'm Philip Landrigan for the appellee, Richard Hocken, from Cohen, Lavabier, and Landrigan. If it please the Court, counsel, just at the end of his argument, and I'd like to address it first, said that Mr. Hocken was asked about forbearance and said he couldn't recall. The trial was over whether or not this was a gift never intended to be repaid. At trial, he was asked the question, did you ever discuss with Ms. Couture that she would not have to pay this money back? And his answer was unequivocally no. It was in that context that that exchange the counsel refers to. It wasn't to forbearance. This defense, first raised on appeal, is an affirmative defense, lack of consideration for 200 years in the state of New York. And I cite Eldridge v. Mather, which cites Ryan v. Nichols from 1814. It's an affirmative defense that has to be raised in the pleading below, giving notice to the parties that the fact of either a want or lack of consideration was being— It was not raised in the trial. There was a two-and-a-half-day trial, and there was pleadings below. This issue was never raised until the case comes to us? Absolutely, Your Honor. That's the case. And there is not a single case. And I bring up the longstanding law that it is an affirmative defense. And I'm criticized in the reply brief that I didn't distinguish Core v. Corbet, which is a case that said that, well, if you raise the lack of consideration as a defense—and every one of the cases where consideration is raised as a defense and prevails is at the trial court. Because you give notice to the parties. And if you look at the Corbet case, the case was dismissed. On appeal, it was reinstated. When the case went back down, the ninth affirmative defense in that case, as the affirmative defenses in all the cases I reviewed—I went into the dockets in the district court—this is a defense. It's an affirmative defense. It's not just that they're first raising it on appeal. It's an affirmative defense that they're mandated to bring and didn't. Did they argue lack of consideration at trial? Absolutely not. The whole thing was on whether it was a gift. The issue that was tried in the end after Judge Carter granted summary judgment on Ms. Coderre testified—and the reason for the Court's determination that her testimony was incredible is that she had completely conflicting ideas. This was a gift and also a contract, an agreement that she made with Mr. Coderre or Mr. Hogan not to pursue an— I was just trying to clarify. They didn't raise 5-1105 below. You won't see it cited in any paper. I understand that. And they didn't raise lack of consideration as a defense in any shape or form. No. And we've attached in the record and in the brief, we cite the fact. It's a counterclaim made on the promissory note. There is an answer to that counterclaim. There are a number of defenses raised about it being gift, but never 5-111. If we conclude that it's not waived, what's your argument? My argument is, is that you would—you shouldn't do that because the requirement— Let's say— No, no, no. If we decide it's not waived on the merits of the defense— Then you can't address— It fails because— Because it raises factual issues. One of the issues counsel is critical of our position is, well, there's no evidence of, and fill in the blank— Is the analysis of Greenberg correct or not? I heard your analysis of it, and it's distinctly accurate. The Greenberg writing— I asked it as a question, though. The Greenberg case has no applicability here. The writing refers to, in consideration of my past gifts, I give you this gift. That writing is completely incomprehensible. And in Greenberg, the defendant raised—I think it's the second affirmative defense in that case. That's the one I found in the docket in the Eastern District where the case rose. The defense of lack of consideration was raised, as it affirmatively has to be. If you were to determine that it's not waived, you would then have to consider whether or not this Court— whether there are factual issues that surround that. And if you look at the record, the 2008 note is sent together with a detailed statement of account, which includes the June 1992 letter agreement payment, and it includes the July 1992 letter agreement. It also includes the sum in total of the 1993 promissory note. And I submit to you that if this issue were raised, that that would have been developed below as to whether or not those prior obligations and writings were released and extinguished in exchange for this. That would be present consideration. It wouldn't need to be recited in the instrument, per se. And that fact, you'll find the statements at 586 and 587. You'll find the—in the record. You'll find the June and July 1992 figures that were advanced. And so they're incorporated into this. And so the release of those prior obligations alone would be consideration. The statements that were provided together with this note, counsel says that, well, the note only says for value received. Well, no one questioned that the note was valid and had valid consideration. But if the issue of consideration were raised and then this note was sent together with these detailed statements, Ms. Coderre testifies in her trial affidavit and at trial, she admits numerous times that these payments had been made. There's no question but that the payments had been made. So if you were to determine that waiver, that you could deem this not to have been waived, you would also have to make fact findings, which would be inappropriate given that it's being first raised on appeal. Both documents came with the note? Yes, they did. They were—if you look at, I think it's 608 is the transmittal of the 2008, and it says that it gave— Did the district court make findings as— Of course it didn't, because the issue of consideration— Let me finish my question, first of all, before you answer. Yes, my apologies. Did the district court make findings as to these amounts? Were these schedules received in evidence? The schedules were received in evidence. Did the district court find that these were the amounts that were owed? There's no—no. It entered judgment for $4.something million, right, ultimately? It entered judgment in the face amount of the 2008 promissory note together with interest from its date. Is that an implicit finding that these amounts were, in fact, paid by your client and that they were owed? He did interest as well, right? Yes. Indeed, there was no— He must have already made findings that this consideration was paid. The finding is implicit, and, in fact, it was not contested. Ms. Coderre admitted as much. She said that— That's a helpful question to you. I know, I know. So I don't talk quickly. I just talk over judges and incoherently, apparently. In addition to the extinguishment, another factual issue that you would have to— which wasn't developed below but which would need to be developed, which is why you shouldn't allow it to be raised first on appeal, is the issue of forbearance. At the time of the 2008 promissory note, the 1993 note was outstanding. It had superseded the June 92 and July 92 letter agreements, and payments had been made since 1993 to 2008. And whether or not the 2008 promissory note expressly defers the repayment of the payments that had been made until the sale of the apartment, that's forbearance. It's on its face. It has a— Payments continued for quite some time even after that, right? Right. That brings the— There was a note that wasn't signed, and the judge chose not to enforce the later note? That's correct. There was this— I don't recall exactly, but approximately $3.5 million, and it was the failure to sign that that terminated the payments. Is there any dispute that those payments have been made? Absolutely not. The other issue, the factual issue that would have to be addressed, is that this note induced Mr. Hoken to make those payments. You see that in his trial affidavit, Paragraph 14. Carol Marino, his assistant, in Paragraphs 8 and 19 of her trial affidavit. And, indeed, Ms. Coderre admits as much, that her payment would not continue unless she signed the 2008 note. Now, if you were to find that the defense hadn't been waived, you would have to consider whether or not these factuals gave rise. If this defense were raised, what would have happened below? And I submit to you that, as much as I over-talk judges and are incoherent, I would have raised the issue of promissory estoppel and any number of other claims. The forbearance issue would have been developed as present— It would have been a different trial, if it were— It would have been a completely different case. And the case commenced—the dispute arose in 2011. The litigation began in 2012. It was litigated—the trial was in 2017. The post-submission briefs are in 2018. And you will not find 51105 cited in any paper in the docket until this court. Thank you. Unless there are any other questions? Mr. Bernstein? Thank you, Your Honor. First, with respect to whether the issue of consideration was raised, lack of consideration was raised at the outset. The words used was that the note lacked the indicia of a bona fide debt. Yes, at the end— That's different from lack of consideration. Was there really any doubt that he had made these millions of dollars of payments over the years? There was no doubt that the payments were made. Her only argument was that these were a gift. That was her argument. Her argument was gift, and that argument did not prevail. What does it mean, no consideration? How can you make that argument in light of the millions of dollars that he paid? The issue of lack of indicia of a bona fide debt, if the note lacks the indicia of a bona fide debt, it's because the note doesn't state in the note that it has the valid consideration. The issue you're raising— How could you even make a no consideration argument in good faith, given that it was undisputed that he made all these payments over the years? Because the payments— Once you lose on the gift argument. Because the payments—remember, Ms. Couder didn't own this apartment. She had a life estate in the property. The daughters did. So the payments were, in effect, a way of preserving the value of the estate for the daughters. And the other points I wanted to make very quickly, because she didn't have an ownership, she couldn't sell it. She couldn't sell it without the consent of the daughters. Because she couldn't sell it without the consent of the daughters meant that that was a condition that would have to be satisfied before any sale could be made. That's why the note doesn't qualify as a negotiable instrument as well. With respect to the— All of the documents that were provided to demonstrate that the note was paid— excuse me, that the amounts paid were loans— were extrinsic to the document. It doesn't matter in New York that the parties may have known or understood that the consideration was past debt that was reflected in a document outside the note. It doesn't matter that the schedules were there. He could have very easily cured this by making reference in the note to the documents that were being enclosed with. He could—his lawyers had— The documents were attached to the note. No, they were not. They came together as one package. No, it— The memo, the note, and the attachment. There is nothing in the note that makes reference to any attachment, not one word. Was that the question? Yes. They all came at the same time. It doesn't matter if they came at the same time. It's still extrinsic. It is not part of—the way the case law is— You're not claiming that she didn't have notice about the schedule. I'm saying that whether she had notice or not is irrelevant, because the law is very clear. It cannot be extrinsic. Extrinsic means, as the case law has defined it, it must be referenced expressly in the note. That's an affirmative defense. Well, the argument is, was it waived because she didn't say— Is it an affirmative defense? We believe that it was—I would concede it is an affirmative defense. And if we literally apply the rule on the note, why shouldn't we literally apply the procedure rules also? And if you don't raise it, you waive it. The issue is one of—as between waiver versus forfeiture. If you don't raise it, the issue is, did you forfeit it? That's the way analysis goes in CRUMA. And if you forfeited it, the issue on forfeiture is, was there prejudice to the other side in your not raising it or not giving the judge an opportunity to weigh in on it? Was there prejudice? And prejudice is determined by whether there was additional fact-finding or there would have been a new trial needed or something like that to develop the issue. And here that's not— Like that it was—that there was present consideration in the form of forbearance? But if the testimony was that there was no discussion about forbearance, and as he said, the note was forbearance of prior notes, one from 1992 and one from 1993. Okay. But the note does—the 2008 note that we're talking about makes no reference to anything about that. And the fact that it happened is irrelevant because New York law is very clear. You want to cure this problem. It's very easy, and his lawyers told him how to do it. His lawyer—not my counsel, but told his client how to do it. The way you cure it is you express in the note that the note is in consideration of past loans that were given, which the defendant—the notemaker acknowledges having been made. That language was in some of the notes that the judge had before and were admitted into evidence but never signed because his client never sent the document to Ms. Coderre to sign. And had she—he insisted that that be signed, that could have cured it very easily. There were other ways that he could have cured it. He could have in the—you know, this all stems from that constructive trust that was imposed by the judge back in 1992. The court said that Ms. Coderre could have hypothecated the apartment further and to pay for the maintenance. We say you could have tried all these issues before Judge Carter, but neglected to, not you or whoever. It was—yes, it was. I guess, granted, I was the counsel that came in later, but— Neglected to try these issues, and we're not triers of facts. What you're saying—you're asking about facts. I'm sorry, but if the—with all due respect, the trial testimony shows that Mr. Hogan wanted the note to document that the amounts that he had advanced were to be paid back. That's what he wanted the note to do. If that's what the note was for, and the judge found that it wasn't a gift, then it was an antecedent debt, and New York law is very clear that while it's consideration, Judge Ginn, there's no question it's consideration. It's not valid consideration within the meaning of New York law, and the exception is under 51105, general obligation law. True, it was not raised. It should have been raised, but this Court has the authority, if it wishes, to address this issue precisely because it's one of law. In Greenberg v. Greenberg, it was a summary order affirming it because it's one of law, and the case law on this is legion. There's lots of cases where these kinds of notes are just simply deemed unenforceable. But true, it should have been raised without question, but it wasn't, and now we're faced with a situation where we're asking this Court, in the interest of justice, to enforce the law because it is a question of law. It's about reading the note, the four corners of the note, and nothing else, because that's what you've been guided by the New York Court of Appeals to do, read nothing else but the four corners of the note, and if it doesn't contain in the writing the words required to show that it was past consideration, no good. All right, I think we have your argument. I think you have both of your arguments. Thank you, Your Honor. We'll reserve decision. That's the last case on our argument calendar, so I'll ask the clerk to adjourn court. Court is adjourned.